MEMORANDUM **
Xiugui Li, a native and citizen of the People’s Republic of China, petitions for review of the Board of Immigration Appeals’ (“BIA”) dismissal of his appeal of an immigration judge’s (“IJ”) decision denying asylum as untimely and denying withholding of removal and relief under the Convention Against Torture (“CAT”) based on an adverse credibility finding. We grant the petition and remand for a determination of Li’s eligibility for asylum, withholding, and CAT relief.
*944 We also grant Li’s request to take judicial notice of certain undisputed geographical facts, see Singh v. Ashcroft, 393 F.3d 903, 905-907 (9th Cir.2004), and state court records pertaining to individuals Li claims provided ineffective assistance, see Castillo-Perez v. INS, 212 F.3d 518, 524 n. 6, 526 n. 11 (9th Cir.2000).
I.
Where the BIA adopts and affirms the IJ’s decision, we review the IJ’s decision. See Abebe v. Gonzales, 432 F.3d 1037, 1039 (9th Cir.2005) (en banc). Li entered the United States on September 3, 2000, and defensively applied for asylum on February 25, 2002. The IJ denied Li’s asylum application as untimely, finding that Li did not establish either exception to the one-year bar. An applicant can overcome the one-year bar if he shows (1) the existence of a change in circumstances materially affecting his eligibility or extraordinary circumstances relating to the delay in filing, and (2) that he filed his application within a reasonable period given the changed or extraordinary circumstances. See 8 U.S.C. § 1158(a)(2)(D); 8 C.F.R. § 1208.4(a)(4), (5).
We have jurisdiction to review the agency’s determination of changed circumstances and extraordinary circumstances where the relevant facts are undisputed.[1] See Dhital v. Mukasey, 532 F.3d 1044, 1049 (9th Cir.2008) (per curiam); Husyev v. Mukasey, 528 F.3d 1172, 1177-81 (9th Cir.2008); Ramadan v. Gonzales, 479 F.3d 646, 650 (9th Cir.2007) (per curiam). We review for substantial evidence. Dhital, 532 F.3d at 1050.
Substantial evidence supports the agency’s finding that Li did not show changed circumstances[2] because the threats to his wife were made after Li applied for asylum. The changed circumstances exception applies to changes that occur within a reasonable period before the asylum application is filed. See Ramadan, 479 F.3d at 657; 8 C.F.R. § 1208.4(a)(4)(ii) (“The applicant shall file an asylum application within a reasonable period given those ‘changed circumstances.’ ”)..
Substantial evidence does not support the agency’s finding that Li did not show extraordinary circumstances based on ineffective assistance of counsel, an extraordinary circumstance under 8 C.F.R. § 1208-4(a)(5)(iii). We excuse Li’s failure to satisfy the procedural requirements of his ineffective assistance claim because the ineffective assistance is clear on the record. See Morales Apolinar v. Mukasey, 514 F.3d 893, 897 (9th Cir.2008) (concluding that it would be futile for the petitioner to inform counsel of accusations or file a complaint in circumstances in which counsel was “suspended after failing to respond to prior charges of ineffective assistance”); Castillo-Perez, 212 F.3d at 525-27. Li hired and paid Walter Wenko, an attorney who was disbarred in 1998, and Miao Huang, a non-attorney, $1,500 to file his asylum application and extend his visa status. They told Li to wait when he followed up with them, but provided no services and their office disappeared. Li tried to locate them, but was unable to. The state court records of which we take judicial notice corroborate Li’s claim.[3] Li shows prejudice where he has plausible *945 grounds for asylum relief and his application was denied as untimely. See Lin v. Ashcroft, 377 F.3d 1014, 1027 (9th Cir.2004). Li filed his application within a reasonable period — at most seven months — after discovering the ineffective assistance. See Husyev, 528 F.3d at 1182 (“[T]he term ‘reasonable period’ ... suggests an amount of time that is to be determined on the basis of all the factual circumstances of the case.”). He hired Wenko and Huang within one year of his arrival and discovered their office was shuttered ten months later.
II.
We review the agency’s adverse credibility finding for substantial evidence. Rivera v. Mukasey, 508 F.3d 1271, 1274 (9th Cir.2007). The IJ’s adverse credibility finding is not supported by substantial evidence.
First, the IJ’s findings of omissions from Li’s application are without factual support. See Lopez-Reyes v. INS, 79 F.3d 908, 911 (9th Cir.1996). Li’s reports to the provincial government, the attempted arrest, and the closing of Li’s store were included in his application and/or supporting declarations. In addition, the omission of his wife’s employment termination was reasonable where Li explained that he learned of her termination after he applied for asylum.
Second, minor inconsistencies regarding dates and times that do not go to the heart of Li’s claim and for which Li prowled reasonable explanations “cannot form the basis of an adverse credibility finding.” Bandari v. INS, 227 F.3d 1160, 1166 (9th Cir.2000); see Mendoza Manimbao v. Ashcroft, 329 F.3d 655, 660 (9th Cir.2003); Shah v. INS, 220 F.3d 1062, 1067-68 (9th Cir.2000).
Third, the IJ’s speculation and conjecture as to what an asylum applicant would do to prepare for a merits hearing, see Bandari, 227 F.3d at 1167-68, and regarding the capabilities of Chinese authorities, see Quan v. Gonzales, 428 F.3d 883, 887-88 (9th Cir.2005); see also Kaur v. Ashcroft, 379 F.3d 876, 886-87 (9th Cir.2004), are not supported by substantial evidence.
Fourth, credibility grounds for which Li was not afforded the opportunity to explain are not supported by substantial evidence. See Chen v. Ashcroft, 362 F.3d 611, 618 (9th Cir.2004).
Finally, Li’s “testimony is not per se lacking in credibility simply because it includes details that are not set forth in [his] asylum application.” Lopez-Reyes, 79 F.3d at 911. Li stated in his application that friends aided his escape from China, but testified in further detail that he went into hiding before leaving China.
Because the IJ’s adverse credibility determination is not supported by substantial evidence, we accept Li’s testimony as credible. See Arulampalam v. Ashcroft, 353 F.3d 679, 688-89 (9lh Cir.2003).
III.
Because the agency did not reach the merits of Li’s asylum, withholding, and CAT ■ claims, accepting Li’s testimony as credible, we remand to the BIA to allow it to consider Li’s claims. See INS v. Ventura, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam); Singh v. Ashcroft, 362 F.3d 1164, 1172 (9th Cir.2004).
GRANTED and REMANDED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36-3.

. As discussed below, we accept Li’s testimony as credible where the IJ’s adverse credibility finding is not supported by substantial evidence.

. Li exhausted his changed circumstances claim where he raised it in his brief to the BIA.

.The California court found that Wenko and Huang violated California's unfair competition law by engaging in the unauthorized practice of law in immigration cases and violating California’s Immigration Consultants Act in operating their business, the Asian Pacific Legal Services and/or Asian Pacific Services. Wenko and Huang "held themselves *945 out as a law office.” The court also found that they violated California's false advertising law. The court permanently enjoined them from engaging in the practice of law, among other activities, and ordered them to pay civil penalties.